# EXHIBIT A

**ELECTRONICALLY FILED**
Superior Court of California,
County of Orange

**11/13/2017** at 08:00:00 AM

Clerk of the Superior Court
By Georgina Ramirez,Deputy Clerk

1 | WILLIAM L. MARDER, ESQ. (CBN 170131)
**Polaris Law Group LLP**
2 | 501 San Benito Street, Suite 200
Hollister, CA 95023
3 | Tel: (831) 531-4214
Fax: (831) 634-0333
4 |

5 | Dennis S. Hyun (State Bar No. 224240)
HYUN LEGAL, APC
6 | 515 S. Figueroa Street, Suite 1250
Los Angeles, California 90071
7 | (213) 488-6555
(213) 488-6554 facsimile
8 |

9 | Edward W. Choi, Esq. SBN 211334
**LAW OFFICES OF CHOI & ASSOCIATES**
10 | A Professional Corporation
515 S. Figueroa St., Suite 1250
11 | Los Angeles, CA 90071
Telephone: (213) 381-1515
12 | Facsimile: (213) 465-4885

13 |

14 | Attorneys for Plaintiff and the Class

15 | SUPERIOR COURT OF THE STATE OF CALIFORNIA

16 | FOR THE COUNTY OF ORANGE - COMPLEX

Judge Kim G. Dunning

17 | JULIE ZEPEDA, individually and on behalf of    Case No.  30-2017-00955264-CU-OE-CXC
all others similarly situated,
18 |                                                                                                    CX-104
19 |                  Plaintiff,                                 **CLASS ACTION COMPLAINT FOR
                                                                DAMAGES FOR:**
20 |            vs.
                                                                **(1)  VIOLATION OF LABOR CODE §
21 | ULTA SALON, COSMETICS &                              226;**
FRAGRANCE, INC., a Delaware corporation;
22 | and DOES 1 through 50, inclusive,                    **(2)  VIOLATION OF LABOR CODE §§
                                                                510, 558, AND 1194;**
23 |                  Defendants.
                                                                **(3)  VIOLATION OF LABOR CODE §§
24 |                                                             201-203; AND**

25 |                                                        **(4)  VIOLATION OF BUSINESS AND
                                                                PROFESSIONS CODE §17200, *ET
26 |                                                             SEQ.***

27 |                                                        **DEMAND FOR JURY TRIAL**

28 |

PLAINTIFF'S CLASS ACTION COMPLAINT FOR DAMAGES

Plaintiff Julie Zepeda ("Plaintiff") hereby submits this Class Action Complaint against Defendants Ulta Cosmetics & Fragrance, Inc., a Delaware Corporation ("Defendant" or the "Company"), and Does 1-50 (hereinafter collectively referred to as "Defendants"), on behalf of herself and the Class of all other similarly situated current and former employees of Defendants for penalties and/or damages for failure to provide accurate itemized wage statements, failure to pay overtime, penalties under California Labor Code statutes, penalties and/or damages for unfair business practices in violation of Business and Professions Code § 17200, *et seq.*, and for restitution as follows:

## INTRODUCTION

1.     This class action is within the Court's jurisdiction under California Labor Code §§ 201-203, 226, 510, 558, 1194, the California Industrial Welfare Commission's ("IWC") Wage Orders, and the California Unfair Competition Law (the "UCL"), codified at California Business and Professions Code § 17200, *et seq.*

2.     This Complaint challenges systemic illegal employment practices resulting in violations of the California Labor Code and Business and Professions Code against employees of Defendants.

3.     Plaintiff is informed and believes and based thereon alleges that Defendants jointly and severally have acted intentionally and with deliberate indifference and conscious disregard to the rights of all employees by failing to provide accurate itemized wage statements, failing to timely pay wages and failing to pay overtime at the correct, higher regular rate of pay as to Plaintiff and the Class.

4.     Plaintiff is informed and believes and based thereon alleges that Defendants have engaged in, among other things a system of willful violations of the California Labor Code, Business and Professions Code and applicable IWC Wage Orders by creating and maintaining policies, practices and customs that knowingly deny employees the above stated rights and benefits.

5.     The policies, practices and customs of defendants described above and below have resulted in unjust enrichment of Defendants and an unfair business advantage over businesses that routinely adhere to the strictures of the California Labor Code and the California Business and Professions Code.

## JURISDICTION AND VENUE

6.     The Court has jurisdiction over the violations of the California Labor Code §§ 201-203,

226, 510, 558, and 1194 and the UCL.

7.    Venue is proper in Orange County because Plaintiff worked for Defendants in this County.

**PARTIES**

8.    Since or about October 24, 2017, through on or about December 27, 2016, Plaintiff has worked for Defendants as a non-exempt employee. Plaintiff was and is a victim of the policies, practices, and customs of Defendants complained of in this action in ways that have deprived Plaintiff of the rights guaranteed by California Labor Code §§ 201-203, 226, 510, 558, and 1194, the applicable IWC Wage Orders, and the UCL.

9.    Plaintiff is informed and believes and based thereon alleges that Defendant was and is a Delaware Corporation doing business in the State of California as a cosmetics retailer and beauty salon.

10.    Plaintiff is informed and believes and based thereon alleges that at all times herein mentioned Defendant and DOES 1 through 50 are and were business entities, individuals, and partnerships, licensed to do business and actually doing business in the State of California.

11.    As such, and based upon all the facts and circumstances incident to Defendants' business in California, Defendants are subject to California Labor Code §§ 201-203, 226, 510, 558, and 1194, IWC Wage Orders and the UCL.

12.    Plaintiff does not know the true names or capacities, whether individual, partner or corporate, of the Defendants sued herein as DOES 1 through 50, inclusive, and for that reason, said Defendants are sued under such fictitious names, and Plaintiff prays for leave to amend this complaint when the true names and capacities are known. Plaintiff is informed and believes and based thereon alleges that each of said fictitious Defendants was responsible in some way for the matters alleged herein and proximately caused Plaintiff and members of the general public and class to be subject to the illegal employment practices, wrongs and injuries complained of herein.

13.    At all times herein mentioned, each of said Defendants participated in the doing of the acts hereinafter alleged to have been done by the named Defendants; and furthermore, the Defendants, and each of them, were the agents, servants and employees of each of the other Defendants, as well as

3

the agents of all Defendants, and at all times herein mentioned, were acting within the course and scope of said agency and employment.

14.    Plaintiff is informed and believes and based thereon alleges that at all times material hereto, each of the Defendants named herein was the agent, employee, alter ego and/or joint venturer of, or working in concert with each of the other co-Defendants and was acting within the course and scope of such agency, employment, joint venture, or concerted activity.  To the extent said acts, conduct, and omissions were perpetrated by certain Defendants, each of the remaining Defendants confirmed and ratified said acts, conduct, and omissions of the acting Defendants.

15.    At all times herein mentioned, Defendants, and each of them, were members of, and engaged in, a joint venture, partnership and common enterprise, and acting within the course and scope of, and in pursuance of, said joint venture, partnership and common enterprise.

16.    At all times herein mentioned, the acts and omissions of various Defendants, and each of them, concurred and contributed to the various acts and omissions of each and all of the other Defendants in proximately causing the injuries and damages as herein alleged.  At all times herein mentioned, Defendants, and each of them, ratified each and every act or omission complained of herein.  At all times herein mentioned, the Defendants, and each of them, aided and abetted the acts and omissions of each and all of the other Defendants in proximately causing the damages as herein alleged.

## CLASS ACTION ALLEGATIONS

17.    **Definition:** The named individual Plaintiff seeks class certification, pursuant to California Code of Civil Procedure § 382, of a class of all current and former non-exempt nurse employees who worked for Defendants at any time during the period of time from November 13, 2013, to the present, in the State of California.  The Classes consists of the following classes and subclasses:

a.    All current and former non-exempt employees who worked for Defendant in California at any time from November 13, 2013, through the present, who received overtime pay and non-discretionary pay in the same pay period, including without limitation, tips and/or commissions ("REGULAR RATE CLASS");

b. · · All of Defendant's past and present California employees who worked for Defendant from November 13, 2016, through the present who received itemized wage statements and were paid any double-time wages ("DOUBLE-TIME WAGE STATEMENT CLASS");

c. All of Defendant's past and present California employees who worked for Defendant from November 13, 2016, through the present who received itemized wage statements and worked overtime and earned non-discretionary pay in the same pay period, including without limitation, tips and/or commissions ("REGULAR RATE WAGE STATEMENT CLASS"); and

d. All of Defendant's employees who worked for Defendant in California at any time from November 13, 2014, through the present, whose employment was separated for any reason (voluntary or involuntary), including without limitation, resignation, termination, and/or lay-off, and who received any of their wages after their separation of employment ("203 CLASS").

18. **Numerosity and Ascertainability:** The members of the Class are so numerous that joinder of all members would be impractical, if not impossible. The identity of the members of the Class is readily ascertainable by review of Defendants' records, including payroll records. Plaintiff is informed and believes and based thereon alleges that Defendants: (a) failed to provide accurate itemized wage statements in violation of Labor Code § 226; (b) failed to pay overtime based on the correct regular rate; (c) failed to timely pay final wages to separated employees in violation of Labor Code §§ 201-203; and (d) engaged in Unfair Business Practices in violation of the UCL, the California Labor Code, including without limitation, California Labor Code §§ 201-203, 226, 510, 558, 1194, and the applicable IWC Wage Orders.

19. **Adequacy of Representation:** The named Plaintiff is fully prepared to take all necessary steps to represent fairly and adequately the interests of the class defined above. Plaintiff's attorneys are ready, willing and able to fully and adequately represent the class and individual Plaintiff. Plaintiff's attorneys have prosecuted and settled wage-and-hour class actions in the past and currently have a number of wage-and-hour class actions pending in California courts.

PLAINTIFF'S CLASS ACTION COMPLAINT FOR DAMAGES

20.     Defendants uniformly administered a corporate policy, practice of: (a) failing to provide accurate itemized wage statements in violation of Labor Code § 226 for Plaintiff and the Class; (b) failing to pay overtime at the higher, correct regular rate of pay in violation of Labor Code §§ 510, 558, and 1194; (c) failing to timely pay final wages to separated employees in violation of Labor Code § 203; and (d) engaging in Unfair Business Practices in violation of the UCL, all in violation of the California Labor Code and applicable IWC Wage Orders.

21.     **Common Question of Law and Fact:** There are predominant common questions of law and fact and a community of interest amongst Plaintiff and the claims of the Class concerning Defendants: (a) failing to provide accurate itemized wage statements in violation of Labor Code § 226 for Plaintiff and the Class; (b) failing to pay overtime at the higher, correct regular rate of pay in violation of Labor Code §§ 510, 558, and 1194; (c) failing to timely pay wages to separated employees in violation of Labor Code §§ 201-203; and (d)engaging in Unfair Business Practices in violation of the UCL, all in violation of the California Labor Code and applicable IWC Wage Orders.

22.     **Typicality:** The claims of Plaintiff are typical of the claims of all members of the Class in that Plaintiff has suffered the harm alleged in this Complaint in a similar and typical manner as the Class members. As with other non-exempt employees, Defendant paid Plaintiff additional non-discretionary remuneration, including tips and commissions. When Plaintiff worked overtime in pay periods when she was paid additional non-discretionary remuneration, the overtime rate should have been higher based on the correct calculation of the regular rate of pay when taking into account all non-discretionary remuneration, including tips and commissions. Plaintiff and Class Members, therefore, did not receive all overtime pay as required by law. As with other Class Members, Plaintiff is also a victim of Defendant's violation Labor Code § 226(a). Labor Code § 226(a)(9) requires the employer to accurately identify all applicable hourly rates and hours worked in effect during the pay period. However, Defendant's wage statements failed to comply. For example, on Plaintiff's wage statements, the Double Time pay rate was identified as $10.50. The true "Double Time" rate should have been $21. This is an undisputed violation of California Labor Code §226(a)(9). This violation is applicable to Class Members who received pay statements which inaccurately identified the double time rate. Further, Plaintiff's wage statements erroneously identified the overtime hourly rates in pay

periods in which she earned additional non-discretionary remuneration and worked overtime. Moreover, Plaintiff was paid her final wages late in violation of Labor Code § 203. Specifically, pursuant to Labor Code § 202, if an employee gives 72-hours' notice of resignation, the employer must pay the employee all wages at the time of quitting. Here, Plaintiff gave notice of her intent to quit on October 13, 2017, with a requested separation date of October 27, 2017. Defendant, however, refused to allow Plaintiff to work until October 27, 2017, and instead permitted Plaintiff to work only until October 24, 2017. Nevertheless, Defendant paid Plaintiff her final wages on October 27, 2017, which is an undisputed violation of Labor Code §§ 202 and 203. As such, Plaintiff is a member of the Class and has suffered the alleged violations of California Labor Code §§ 201-203, 226, 510, 558, and 1194, and the applicable IWC Wage Orders.

23. The California Labor Code and upon which Plaintiff bases these claims is broadly remedial in nature. These laws and labor standards serve an important public interest in establishing minimum working conditions and standards in California. These laws and labor standards protect the average working employee from exploitation by employers who may seek to take advantage of superior economic and bargaining power in setting onerous terms and conditions of employment.

24. The nature of this action and the format of laws available to Plaintiff and members of the Class identified herein make the class action format a particularly efficient and appropriate procedure to redress the wrongs alleged herein. If each employee were required to file an individual lawsuit, the corporate Defendants would necessarily gain an unconscionable advantage since it would be able to exploit and overwhelm the limited resources of each individual plaintiff with their vastly superior financial and legal resources. Requiring each Class member to pursue an individual remedy would also discourage the assertion of lawful claims by employees who would be disinclined to file an action against their former and/or current employer for real and justifiable fear of retaliation and permanent damage to their careers at subsequent employment.

25. The prosecution of separate actions by the individual class members, even if possible, would create a substantial risk of (a) inconsistent or varying adjudications with respect to individual Class members against the Defendants and which would establish potentially incompatible standards of conduct for the Defendants, and/or (b) adjudications with respect to individual Class members

PLAINTIFF'S CLASS ACTION COMPLAINT FOR DAMAGES

which would, as a practical matter, be dispositive of the interest of the other Class members not parties to the adjudications or which would substantially impair or impede the ability of the Class members to protect their interests. Further, the claims of the individual members of the Class are not sufficiently large to warrant vigorous individual prosecution considering all of the concomitant costs and expenses.

26.    Such a pattern, practice and uniform administration of corporate policy regarding illegal employee compensation described herein is unlawful and creates an entitlement to recovery by the Plaintiff and the Class identified herein, in a civil action for all damages and unpaid wages, including interest thereon, applicable penalties, reasonable attorneys' fees, and costs of suit according to the mandate of California Labor Code §§ 218.5, 226, 510, 558, 1194, the applicable IWC Wage Orders and Code of Civil Procedure § 1021.5.

27.    Proof of a common business practice or factual pattern, which the named Plaintiff experienced and are representative of, will establish the right of each of the members of the Class to recovery on the causes of action alleged herein.

28.    The Class is commonly entitled to a specific fund with respect to the compensation illegally and unfairly retained by Defendants. The Class is commonly entitled to restitution of those funds being improperly withheld by Defendants. This action is brought for the benefit of the entire class and will result in the creation of a common fund.

## FIRST CAUSE OF ACTION

### VIOLATION OF LABOR CODE § 226

### (AGAINST ALL DEFENDANTS BY PLAINTIFF AND THE CLASS)

29.    Plaintiff re-alleges and incorporates by reference paragraphs 1 through 28 as though fully set for herein.

30.    Defendants failed in their affirmative obligation to provide <u>accurate</u> itemized wage statements. Labor Code § 226(a)(9) requires the employer to accurately identify all applicable hourly rates and hours worked in effect during the pay period. However, Defendant's wage statements failed to comply. For example, on Plaintiff's wage statements, the Double Time pay rate was identified as

$10.50. The true "Double Time" rate should have been $21. This is an undisputed violation of California Labor Code §226(a)(9). This violation is applicable to Class Members who received pay statements which inaccurately identified the double time rate. Further, Plaintiff's wage statements erroneously identified the overtime hourly rates in pay periods in which she earned additional non-discretionary remuneration and worked overtime.

31.    Such a pattern, practice and uniform administration of corporate policy as described herein is unlawful and creates an entitlement to recovery by the Plaintiff and the Class identified herein, in a civil action, for all damages or penalties pursuant to Labor Code § 226, including interest thereon, attorneys' fees, and costs of suit according to the mandate of California Labor Code § 226.

## SECOND CAUSE OF ACTION

### VIOLATION OF LABOR CODE §§ 510, 558, AND 1194

### (AGAINST ALL DEFENDANTS BY ALL PLAINTIFF AND THE CLASS)

32.    Plaintiff re-alleges and incorporates by reference paragraphs 1 through 31 as though fully set for herein.

33.    At all relevant times, Defendant was required to compensate its employees proper overtime wages for overtime hours worked pursuant to California Labor Code §§ 510, 558 and 1194. Plaintiff and the Class were and are employed by Defendant as non-exempt employees and, thus, Plaintiff and the Class are entitled to overtime wages. During their employment with Defendant, Plaintiff and the Class worked overtime hours. Specifically, Plaintiff and the Class worked more than 8 hours in a workday and/or 40 hours in a workweek, without being paid the proper amount of overtime pay. During their employment with Defendant, including during pay periods wherein Plaintiff and the Class worked overtime, Plaintiff and the Class also earned additional non-discretionary incentive pay, including without limitation, tips and/or commissions. Defendant, as a corporate-wide practice and policy, did not calculate and/or factor such remuneration into the regular rate of pay for purposes of calculating revised and increased overtime pay, and as such, owes Plaintiff and the Class additional overtime pay.

34.    Plaintiff is informed and believes and based thereon alleges that Defendant's policy and practice of requiring overtime work and not paying for said work according to the overtime mandates of California law is, and at all times herein mentioned was in violation of California Labor Code §§ 510, 558, and 1194 and the IWC Wage Order(s).  Defendant's employment policies and practices wrongfully and illegally failed to compensate Plaintiff the Class for overtime compensation earned as required by California law.

35.    Plaintiff is informed and believes and based thereon alleges that Defendant willfully failed to pay employees proper compensation for all hours worked.  Plaintiff is informed and believes and based thereon alleges that Defendant's willful failure to provide all wages due and owing them upon separation from employment results in a continued payment of wages up to thirty (30) days from the time the wages were due.  Therefore, Plaintiff and other members of the Class who have separated from employment are entitled to compensation pursuant to Labor Code § 203.

36.    Such a pattern, practice and uniform administration of corporate policy regarding illegal employee compensation as described herein is unlawful and creates an entitlement to recovery by Plaintiff and the Class in a civil action, for the unpaid balance of the full amount of overtime premiums owing, including interest thereon, penalties, attorneys' fees, and costs of suit according to the mandate of California Labor Code §§ 218.5, 510 and 1194.

## THIRD CAUSE OF ACTION

### VIOLATION OF LABOR CODE §§ 201-203

### (BY PLAINTIFF AND THE CLASS AGAINST ALL DEFENDANTS)

37.    Plaintiff re-alleges and incorporates by reference paragraphs 1 through 36 as though fully set for herein.

38.    Labor Code § 201 provides that all wages earned and unpaid at the time of an employee's discharge are due and payable immediately.  Labor Code § 202 provides that, in the case of an employee who resigns or quits, such wages must be paid not later than 72 hours thereafter, unless the employee has given 72 hours previous notice, in which case the employee must be paid all wages due and earned at the time of quitting.  Labor Code § 203 provides that an employer who

10

willfully fails to pay such wages due to an employee who is discharged or quits must pay that employee waiting-time penalties in the form of a day's wages up to 30 days until all of the wages owed are paid.

39.     As a pattern and practice, Defendants regularly and willfully failed and refused to pay all wages due and earned to discharged employees at the time of their termination, or within 72 hours of employees who quit and/or have resigned, or at the time of termination for those employees who gave 72 hours' notice.  More specifically, Defendants did not pay all wages owed to employees at the time of their discharge, at the time of quitting for employees who gave 72 hours' notice of their intent to resign, or within 72 hours of their resignation for employees who did not give notice, as required by Labor Code §§ 201-203.

40.     As such, Defendants had a uniform corporate pattern and practice and procedure regarding the above practices in violation of California Labor Code §§ 201-203.

41.     Such a pattern, practice and uniform administration of corporate policy regarding illegal employee compensation as described herein is unlawful and creates an entitlement to recovery by Plaintiff in a civil action, for the unpaid balance of the full amount of damages owed, including interest thereon, penalties, attorneys' fees, and costs of suit according to the mandate of California Labor Code §§ 201-203, and 218.5.

## FOURTH CAUSE OF ACTION

### FOR VIOLATIONS OF BUSINESS AND PROFESSIONS CODE § 17200, *ET SEQ.*
### (AGAINST ALL DEFENDANTS BY ALL PLAINTIFF AND THE CLASS)

42.     Plaintiff re-alleges and incorporates by reference paragraphs 1 through 41 as though fully set for herein.

43.     Defendants, and each of them, have engaged and continue to engage in unfair and unlawful business practices in California by practicing, employing and utilizing the employment practices outlined above, include, to wit, by failing to pay all owed overtime based on the higher, correct regular rate of pay in violation of Labor Code §§ 510, 558, and 1194, and engaging in Unfair

Business Practices in violation of the UCL, all in violation of the California Labor Code and applicable IWC Wage Orders.

44.    Defendants' utilization of such unfair and unlawful business practices constitutes unfair, unlawful competition and provides an unfair advantage over Defendants' competitors.

45.    Plaintiff seeks individually and on behalf of other members of the Class similarly situated, full restitution of monies, as necessary and according to proof, to restore any and all monies withheld, acquired and/or converted by the Defendants by means of the unfair practices complained of herein. Specifically, Plaintiff seeks restitution for unpaid overtime at the correct, higher regular rate of pay.

46.    Plaintiff is informed and believes and based thereon alleges that at all times herein mentioned Defendants have engaged in unlawful, deceptive and unfair business practices, as proscribed by California Business and Professions Code § 17200, *et seq.*, including those set forth herein above thereby depriving Plaintiff and other members of the Class the minimum working condition standards and conditions due to them under the California laws and the applicable IWC Wage Orders as specifically described therein.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment individually and all others on whose behalf this suit is brought against Defendants, jointly and severally, as follows:

1.    For an order certifying the proposed Class;

2.    For an order appointing Plaintiff as the representative of the Class as described herein;

3.    For an order appointing counsel for Plaintiff as Class counsel;

4.    Upon the First Cause of Action, for damages or penalties pursuant to statute as set forth in California Labor Code § 226, and for costs and attorneys' fees;

5.    Upon the Second Cause of Action, for damages and/or penalties pursuant to California Labor Code §§ 510, 558, and 1194, and for costs and attorneys' fees;

6.    Upon the Third Cause of Action, for penalties pursuant to Labor Code § 203, and for costs and attorneys' fees;

PLAINTIFF'S CLASS ACTION COMPLAINT FOR DAMAGES

7.    Upon the Fourth Cause of Action, for restitution to Plaintiff and other similarly effected members of the general public of all funds unlawfully acquired by Defendants by any acts or practices declared by this Court to be in violation of Business and Professions Code § 17200, *et seq.*, for the time periods described above;

8.    On all causes of action, for attorneys' fees and costs as provided by California Labor Code §§ 218.5, 226, 510, 558, 1194, 1197.1, and Code of Civil Procedure § 1021.5; and

9.    For such other and further relief as the Court may deem just and proper.

DATED: November 10, 2017            LAW OFFICES OF CHOI & ASSOCIATES

By: _____
Edward W. Choi
Attorneys for Plaintiff and the Class

## **DEMAND FOR JURY TRIAL**

Plaintiff and the Class hereby demand a jury trial as provided by California law.

DATED: November 10, 2017            LAW OFFICES OF CHOI & ASSOCIATES

By: _____
Edward W. Choi
Attorneys for Plaintiff and the Class

13

PLAINTIFF'S CLASS ACTION COMPLAINT FOR DAMAGES